AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

FILED
DISTRICT COURT OF GUAM
MAR 29 2004
MARY L. M. MORAN
CLERK OF COURT

# United States District Court

| | |
|---|---|
| District: GUAM | CV-04-00017 |
| Name of Movant: REXIELITO J. GLORY | |
| Prisoner No.: 02179-093 | Case No.: CR 01-00061 |
| Place of Confinement: FEDERAL DETENTION FACILITY, HAGATNA, GUAM | |

UNITED STATES OF AMERICA     V.     REXIELITO J. GLORY
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack DISTRICT COURT OF GUAM, HAGATNA, GUAM

2. Date of judgment of conviction DEC. 19, 2001.

3. Length of sentence 262 MONTHS

4. Nature of offense involved (all counts) COUNTS I, II, AND III: CONSPIRACY TO IMPORT METHAMPHETAMINE. COUNT IV: IMPORTATION OF METHAMPHETAMINE. COUNT V: DISTRIBUTION OF METHAMPHETAMINE.

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   COUNTS I, II, III, AND IV: DISMISSED. COUNT V: GUILTY PLEA.

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐ AND FOR REVIEW OF MY OTHERWISE FINAL SENTENCE.

COPY

9. If you did appeal, answer the following:

   (a) Name of court UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT.

   (b) Result AFFIRMED BUT NINTH CIRCUIT COMMENTED THAT "INEFFECTIVE ASSISTANCE OF COUNSEL IS MORE PROPERLY RAISED ON COLLATERAL ATTACK UNDER 28 U.S.C. § 2255."

   (c) Date of result JAN. 17, 2003

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

       (2) Nature of proceeding _____

       (3) Grounds raised _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐ No ☐

       (5) Result _____

       (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

       (1) Name of court _____

       (2) Nature of proceeding _____

       (3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result_____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☐
(2) Second petition, etc.   Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: MY SENTENCE WAS IMPOSED IN VIOLATION OF LAW.

Supporting FACTS (state *briefly* without citing cases or law) SEE PARAGRAPHS 1 AND 3 OF THESE ATTACHED PAGES.

B. Ground two: MY SENTENCE WAS IMPOSED AS A RESULT OF AN INCORRECT APPLICATION OF THE SENTENCING GUIDELINES.

Supporting FACTS (state *briefly* without citing cases or law): SEE PARAGRAPHS 1 AND 3 OF THESE ATTACHED PAGES.

C. Ground three: DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL.

Supporting FACTS (state *briefly* without citing cases or law): SEE PARAGRAPHS 2, 4, AND 5 OF THESE ATTACHED PAGES.

AO 243 (Rev. 5/85)

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: SEE PARAGRAPHS 6 AND 7 OF THE ATTACHED PAGES.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____

(b) At arraignment and plea _____

(c) At trial _____

(d) At sentencing CYNTHIA V. ECUBE, ESQ., 207 MARTYR STREET, SUITE 3, HAGATNA, GUAM 96910, AND PHILLIP TORRES, ESQ., SUITE 200, 330 HERNAN CORTEZ AVENUE, HAGATNA, GUAM 96910.

(e) On appeal ROBERT E. HARTSOCK, ESQ., FEDERAL PUBLIC DEFENDER, DISTRICT OF GUAM, FIRST HAWAIIAN BANK BUILDING, 400 ROUTE 8, SUITE 310, MONGMONG, GUAM 96910

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)
HOWARD TRAPP

I declare under penalty of perjury that the foregoing is true and correct. Executed on

Mar. 26, 2004
_____
(date)

_____
Signature of Movant
REXIELITO J. GLORY

## ATTACHED PAGES

1. Paragraph 44 of the presentence report states, "The offense involved the importation of methamphetamine and the defendant is not subject to an adjustment under § 3B1.2 (Mitigating Role). Therefore, the offense level is increased by two levels pursuant to U.S.S.G. § 2D1.1(b)(4)(A) and (B)." The offense, however, did not involve the *importation* of methamphetamine. Rather, I was convicted of *distribution* of methamphetamine.

2. Neither of the attorneys who represented me at sentencing objected to the application of U.S.S.G. § 2D1.1(b)(4). To the contrary, the attorneys who represented me at sentencing stated they had no objection to the application of U.S.S.G. § 2D1.1(b)(4).

3. Paragraph 46 of the presentence report states, "The defendant was an organizer, leader, manager, or supervisor in the criminal activity. Therefore, the offense level is increased by two levels pursuant to U.S.S.G. § 3B1.1(c)." I was not, however, an organizer, leader, manager, or supervisor in any criminal activity. I never organized, led, managed, or supervised any person who was in any way criminally responsible for the offense of which I was convicted.

4. Neither of the attorneys who represented me at sentencing objected to the application of U.S.S.G. § 3B1.1. To the contrary, the attorneys who

represented me at sentencing stated they had no objection to the application of U.S.S.G. § 3B1.1.

5. The attorney who represented me on appeal failed to argue any of the following: that the application of U.S.S.G. § 2D1.1(b)(4) was imposed in violation of law; that the application of U.S.S.G. § 2D1.1(b)(4) was imposed as a result of an incorrect application of the sentencing guidelines; that I was denied effective assistance of counsel, because neither of the attorneys who represented me at sentencing objected to the application of U.S.S.G. § 2D1.1(b)(4); or that I was denied effective assistance of counsel, because the attorneys who represented me at sentencing stated they had no objection to the application of U.S.S.G. § 2D1.1(b)(4).

6. The grounds listed in paragraphs 1 and 2 of these attached pages were not previously presented for the reasons set forth in paragraphs 2 and 5 of these attached pages.

7. The grounds listed in paragraph 5 of these attached pages were not previously presented for the reason that this collateral attack under 28 U.S.C. § 2255 is my first opportunity to do so.

# DECLARATION OF SERVICE

I, Maria D. Ramon, declare that I am a secretary employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for defendant herein, and that on March 29, 2004, I served the document to which this declaration is annexed on Karon V. Johnson, Esq., Assistant United States Attorney, the attorney for plaintiff herein, by leaving a copy thereof at her office at Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, Ms. Johnson's last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 29, 2004, at Hagåtña, Guam.

*[signature]*
MARIA D. RAMON