(mdr)

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for defendant Rexielito J. Glory

DISTRICT COURT OF GUAM

CV-04-00017

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ( | Criminal Case No. 01-00061 |
| Plaintiff, | ) ( | MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255 |
| vs. | ) ( | |
| REXIELITO J. GLORY, | ) ( | |
| Defendant. | ) | |

THE MOTION IS TIMELY.

"A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . — / (1) the date on which the judgment of conviction becomes final . . ." (28 U.S.C. § 2255.) Judgment was entered in the Ninth Circuit on January 17, 2003. (*United States v. Glory*, No. 02-10032 (9th Cir. dated Jan. 17, 2003)(decree).) Glory did not file a petition for certiorari with the

(MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255)
Criminal Case No. 01-00061

Supreme Court. "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on . . . , § 2255's one-year limitation period starts to run when the time for seeking such review expires." (*Clay v. United States*, 537 U.S. 522, 532 (2003).) "[A] petition for a writ of certiorari to review a judgment in any case . . . entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of [the Supreme] Court within 90 days after entry of the judgment." (Sup. Ct. R. 13(1).) The time for Glory to seek review by writ of certiorari expired, and the one-year limitation period began to run, on the ninety-first day after January 17, 2003, i.e., on April 18, 2003. Accordingly, the motion is timely.

## AN EVIDENTIARY HEARING IS REQUIRED.

Glory argued on appeal, "Glory's sentence would have been fifty two months less if his defense counsel had noticed that he did not deserve an aggravating role enhancement." (Defendant-Appellant Rexielito J. Glory's Opening Brief at 20, *United States v. Glory*, No. 02-10032 (9th Cir. filed Sept. 9, 2002).) The government contended, "The competence of trial counsel usually may be challenged only through 28 U.S.C. § 2255, *because an evidentiary hearing is almost always*

(MEMORANDUM IN SUPPORT OF MOTION UNDER 28 U.S.C. § 2255)
Criminal Case No. 01-00061

*necessary to explain why counsel made the strategic choices to proceed as he did. United States v. Sager, 227 F.3d 1138, 1149 (9th Cir. 2000)."* (Plaitiff-Appellee's Brief at 10, *United States v. Glory*, No. 02-10032 (9th Cir. dated Sept. 11, 2002)(emphasis-added).) The Ninth Circuit held,

> Glory also contends that he was denied effective assistance of trial counsel. We decline to reach this issue on direct appeal. *See United States v. Robinson*, 967 F.2d 287, 290 (9th Cir. 1992)(stating that effective assistance of counsel is more properly raised on collateral attack under 28 U.S.C. § 2255 unless the record is sufficient or there is an obvious denial of adequate representation).

(*United States v. Glory*, No. 02-10032, slip mem. at 2 (9th Cir. Jan. 17, 2003).)

Dated, Hagåtña, Guam,

March 29, 2004.

Respectfully submitted,

*[signature]*

HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for defendant Rexielito J. Glory

(DOCUMENT\MemoUnder28U.S.C.§2255.RGlory)

## DECLARATION OF SERVICE

I, Maria D. Ramon, declare that I am a secretary employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for defendant herein, and that on March 29, 2004, I served the document to which this declaration is annexed on Karon V. Johnson, Esq., Assistant United States Attorney, the attorney for plaintiff herein, by leaving a copy thereof at her office at Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, Ms. Johnson's last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 29, 2004, at Hagåtña, Guam.

_____
MARIA D. RAMON